UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RUDOLPH BETANCOURT,
     Plaintiff,
vs.

HOLLYWOOD LAKES COUNTRY CLUB,
INC. d/b/a GRAND PALMS HOTEL &
GOLF RESORT,
     Defendants.

## COMPLAINT

Plaintiff, RUDOLPH BETANCOURT (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendants, HOLLYWOOD LAKES COUNTRY CLUB, INC. d/b/a GRAND PALMS HOTEL & GOLF RESORT (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2.    The subject property is a hotel located on or about 110 Grand Palms Dr., Pembroke Pines, FL 33027  (hereinafter "Subject Premises").

3.    All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## PARTIES

4.      Plaintiff, RUDOLPH BETANCOURT, is currently a resident of Fenwick, Michigan in the County of Montcalm, is *sui juris*, and is a qualified individual under the ADA and the FACBC.

5.      Plaintiff is a double leg amputee who uses prosthetic devices or a wheelchair to ambulate, a Marine Corps veteran with several friends, family, and colleagues in South Florida. Additionally, Plaintiff enjoys the South Florida weather and the multiple sporting events, festivals, and events that occur throughout South Florida.

6.      Despite the physical limitations to which he is subjected as a result of his disability, Plaintiff continues to lead a full life, frequently travels, dines out, and is also an actively social and independent individual.

7.      Defendant, HOLLYWOOD LAKES COUNTRY CLUB, INC., is a corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

8.      According to the Broward Tax Collector's Office/Florida Department of Business and Professional Regulation, the Defendant, BUSINESSOWNERDEFENDANT, was licensed and occupies 110 Grand Palms Dr., Pembroke Pines, FL 33027 as a hotel known as "GRAND PALMS HOTEL & GOLF RESORT".

9.      The Subject Premises is owned and/or operated by the Defendants and is a public accommodation required by law to comply with the ADA and ADAAG.

## FACTUAL ALLEGATIONS AND CLAIM

10.     Plaintiff recently visited the Subject Premises on or about January 6, 2023 to avail their services and accessed to the extent possible, or attempted to access the Subject Premises and specific areas of the Subject Premises as described herein.

11.     While visiting the Subject Premises, Plaintiff personally encountered or observed several barriers to access in violation of the ADA and ADAAG as detailed further herein at Paragraph 15.  As a result, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of those barriers.

12.     Said barriers to access at the Subject Premises endanger the safety of Plaintiff and all other individuals with disabilities, deny Plaintiff and others with disabilities equal access to the Subject Premises as to that of able-bodied persons, and causes social embarrassment due to the difficulties encountering such barriers to access—a social embarrassment that would not occur if the Subject Premises was in compliance with the ADA and ADAAG.

13.     In encountering the barriers to access at the Subject Premises, and suffering the resulting discrimination, endangerment, and embarrassment—the Plaintiff sustained a lawful injury-in-fact pursuant to the ADA.

14.     Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA.  Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

15.     A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

**Maintenance**

    a.  The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

**Passenger Loading Zone**

    b.  There is no marked access aisle at the passenger loading zone adjacent to the vehicle pull-up space making it difficult for the plaintiff to utilize, in violation of section 503.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**Accessible Routes**

    c.  The facility does not provide a compliant accessible route within the site from the accessible parking spaces and passenger loading zone to the facility entrances they serve making it difficult for Plaintiff to traverse, violating sections 206.1 and 206.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

    d.  The ramp leading to the facility's main entrance does not provide handrails on both sides as required, making it difficult for the plaintiff to traverse, in violation of section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

    e.  The ramp leading to the facility's main entrance has an uneven surface creating surface slopes exceeding the maximum allowance making it difficult for the plaintiff to traverse, in violation of sections 405.2 and 405.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    f.  The exterior stairs leading to the lobby entrance doors do not provide compliant handrails on both sides as required, making it difficult for the plaintiff to traverse, in violation of sections 210.1 and 504.6 of the 2010 ADA Standards, whose resolution is readily achievable.

    g.  The outdoor floor mat located at the main lobby entrance is not securely attached to the ground surface as required making it difficult for the plaintiff to traverse the property, in violation of sections 403.2 and 302.2 of the 2010 ADA Standards, whose resolution is readily achievable.

    h.  There is no signage indicating accessibility posted at the main entrance making it difficult for the plaintiff to identify the facility as accessible, in violation of 216.6 and 703.5 of the 2010 ADA Standards, whose resolution is readily achievable.

**Lobby Area**

    i.  The customer service counter exceeds the maximum height requirement of 36 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of

sections 227.1, 904.4.1, and 904.4.2 of the 2010 ADA Standards, whose resolution is readily achievable.

j.   The area rug is not securely attached to the floor surface as required making it difficult for the plaintiff to traverse the property, in violation of sections 403.2 and 302.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**Men's Public Restroom**

k.   The mirror exceeds the maximum height requirement of 40 inches above the finish floor measured to the rim of the reflecting surface making it difficult for the plaintiff to utilize, in violation of section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**Swimming Pool Area**

l.   The swimming pool lift is covered and tied with rope and not readily accessible as required making it difficult for the plaintiff to utilize, in violation of section 1009.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

m.   The pool area does not provide at least 5% of compliant seating at the tables as required making it difficult for the plaintiff to utilize the tables, in violation of Section 226.1 of the 2010 ADA Standards, whose resolution is readily achievable.

n.   The tables in the pool area do not provide compliant knee and toe clearance as required making it difficult for the plaintiff to utilize, in violation of Sections 306.2 and 306.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**Swimming Pool Men's Public Restroom**

o.   The restroom entrance doors do not provide the minimum requirement of 18 inches of latch side maneuvering clearance parallel to the doorway making it difficult for the plaintiff to exit the bathroom, in violation of section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

p.   The floor mat at the entry to the restroom is not securely attached to the floor surface as required making it difficult for the plaintiff to traverse the restroom, in violation of sections 403.2 and 302.2 of the 2010 ADA Standards, whose resolution is readily achievable.

q.   The paper towel dispenser exceeds the maximum height requirement of 48 inches above the finish floor to the operable mechanism making it difficult for the plaintiff to utilize, in violation of sections 309.3 and 308 of the 2010 ADA Standards, whose resolution is readily achievable.

r.   The plaintiff had to use caution when using the lavatory due to the drainpipe being fully exposed and not insulated as required making it difficult for the plaintiff to utilize, in violation of section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

s.   The trash receptacle obstructs the lavatory knee and toe clearance making it difficult for the plaintiff to utilize, in violation of sections 606.2, 303.2 and 306.3 of the 2010 ADA Standards, whose remedy is readily achievable.

t.   The lavatory bowl obstructs the knee clearance making it difficult for the plaintiff to utilize, in violation of sections 606.2 and 306.3 of the 2010 ADA Standards, whose resolution is readily achievable.

u.   The mirror exceeds the maximum height requirement of 40 inches above the finish floor measured to the rim of the reflecting surface making it difficult for the plaintiff to utilize, in violation of section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   The height of the wall-hung urinals exceeds the maximum 17 inches above the floor surface measured to the rim of the urinal making it difficult for the plaintiff to utilize, in violation of section 605.2 of the 2010 ADA Standards, whose resolution is readily achievable.

w.   The clear width of the toilet compartment door is not a minimum of 32 inches as required making it difficult for the plaintiff to utilize, in violation of sections 604.8.2.2 and 404.2.3 of the 2010 ADA Standards, whose resolution is readily achievable.

x.   The toilet compartment is not 60 inches wide minimum by 59 inches deep minimum as required making it difficult for the plaintiff to utilize, in violation of sections 213.3.2 and 604.8.1 of the 2010 ADA Standards, whose resolution is readily achievable.

y.   The toilet compartment is missing both the rear and side wall grab bars making it difficult for the plaintiff to utilize, in violation of sections 604.8.1.5, 604.5.1 and 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

z.   The toilet paper dispenser is not located 7 inches minimum and 9 inches maximum in front of the water closet measured from the centerline of the dispenser making it difficult for the plaintiff to utilize, in violation of section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

## Golf & Country Club

aa.  There is no marked access aisle at the passenger loading zone adjacent to the vehicle pull-up space making it difficult for the plaintiff to utilize, in violation of section 503.3 of the 2010 ADA Standards, whose resolution is readily achievable.

bb.  There is no signage indicating accessibility posted at the entrance making it difficult for the plaintiff to identify the facility as accessible, in violation of 216.3 and 703.5 of the 2010 ADA Standards, whose resolution is readily achievable

cc.  The outdoor floor mat located at the entrance is not securely attached to the ground surface as required making it difficult for the plaintiff to traverse the property, in violation of sections 403.2 and 302.2 of the 2010 ADA Standards, whose resolution is readily achievable.

dd.  The asphalt is broken and cracked creating an uneven surface and vertical changes in level where the asphalt meets the paved walkway making it difficult for the plaintiff

to traverse the bag drop area, in violation of sections 1006.2. 403.2 and 403.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ee. The running slope of the ramp serving the side entrance exceeds the maximum allowance of 8.33% making it difficult for the plaintiff to traverse, in violation of section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ff. The entrance door threshold has a vertical change in level that exceeds the maximum requirement of ¼ inch making it difficult for the plaintiff to enter and exit the facility, in violation of sections 206.4 and 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

gg. The entrance door does not provide the required 60 inches of maneuvering clearance perpendicular to the door making it difficult for the plaintiff to traverse, in violation of section 404.2.4.1 of the 2010 ADA Standards, whose resolution is readily achievable.

hh. There is no marked access aisle at the passenger loading zone adjacent to the vehicle pull-up space making it difficult for the plaintiff to utilize, in violation of section 503.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. There is no signage indicating accessibility posted at the entrance making it difficult for the plaintiff to identify the facility as accessible, in violation of 216.3 and 703.5 of the 2010 ADA Standards, whose resolution is readily achievable.

jj. The outdoor floor mat located at the entrance is not securely attached to the ground surface as required making it difficult for the plaintiff to traverse the property, in violation of sections 403.2 and 302.2 of the 2010 ADA Standards, whose resolution is readily achievable.

kk. The asphalt is broken and cracked creating an uneven surface and vertical changes in level where the asphalt meets the paved walkway making it difficult for the plaintiff to traverse the bag drop area, in violation of sections 1006.2. 403.2 and 403.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ll. The running slope of the ramp serving the side entrance exceeds the maximum allowance of 8.33% making it difficult for the plaintiff to traverse, in violation of section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

mm.  The entrance door threshold has a vertical change in level that exceeds the maximum requirement of ¼ inch making it difficult for the plaintiff to enter and exit the facility, in violation of sections 206.4 and 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

nn. The entrance door does not provide the required 60 inches of maneuvering clearance perpendicular to the door making it difficult for the plaintiff to traverse, in violation of section 404.2.4.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**<u>Practice Putting Green</u>**

oo. There is not at least one accessible route to the putting green making it difficult for the plaintiff to traverse, in violation of section 206.2.1.5 of the 2010 ADA Standards, whose resolution is readily achievable.

pp. The walking surface to the putting green has a vertical change in level and is not firm or stable as required, making it difficult for the plaintiff to traverse to the putting green, in violation of sections 1006.2, 403.2, and 403.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**<u>Accessible Guest Room 138</u>**

qq. The Hotel does not provide the required amount of compliant accessible guest rooms and the accessible rooms are not dispersed among the various classes of accommodations, in violation of section 224.2 of the 2010 ADA Standards, whose resolution is readily achievable.

rr. The peephole and security chain height exceeds the maximum requirement of 48 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of sections 308.2.1 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ss. The chair obstructs the required minimum 30 inches by 48 inches of clear floor space for a parallel approach to the air conditioning controls and the standing lamp making it difficult for the plaintiff to utilize, in violation of sections 305.3 and 305.5 of the 2010 ADA Standards, whose resolution is readily achievable.

tt. The bed is obstructing the required minimum 30 inches by 48 inches of clear floor maneuvering space for an approach to the storage closet making it difficult for the plaintiff to utilize, in violation of sections 811.2 and 305 of the 2010 ADA Standards, whose resolution is readily achievable.

uu. The plaintiff had to use caution when using the lavatory due to the drainpipe being fully exposed and not insulated as required making it difficult for the plaintiff to utilize, in violation of section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

vv. The lavatory bowl obstructs the knee clearance making it difficult for the plaintiff to utilize, in violation of sections 606.2 and 306.3 of the 2010 ADA Standards, whose resolution is readily achievable.

16.     The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to photograph, measure and determine all of the discriminatory acts violating the ADA.

17.     The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R, § 36.304.

18.     The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses."42 U.S.C. §12181(9) Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10)geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006).

The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

19.     Plaintiff will undoubtedly return to the Subject Premises once the barriers to access have been remediated—not only to avail himself of the goods and services available at the

Subject Premises, but to confirm and assure himself that the Subject Premises has been brought into compliance with the ADA and *maintained* in compliance with the ADA so that Plaintiff and other persons with disabilities will have equal access to the Subject Premises without fear of discrimination, endangerment of their safety, or social and public embarrassment.

20.     Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights.  However, Plaintiff is deterred from returning to the Subject Premises as long as the Defendants continue to operate the Subject Premises in violation of the ADA and ADAAG.

21.     Plaintiff has a realistic, credible, and continuing threat of discrimination by the Defendants as long as the Subject Premises remains in non-compliance with the ADA.

22.     Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq*., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

23.     Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

24.     Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

25.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

26.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible  to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
   *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(305) 900-2373
GGoldstein@G2Legal.net